UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHANICE TROTMAN; MICHAEL ADAMS,
Z.J. son age 9, S.A. daughter age 3,

                    Plaintiffs,

     -against-

Social Workers, Ms. BERNADETTE JEAN LOUIS;
ROSEZETTA MEANS, NATHALIE CHARLES,
Attorneys: ETTA IBOK; JANE DOE Clerks and
JOHN DOE Clerk; Police Department, Unknown
DOE Police Officer(s), P.O. EVANS,

                    Defendants.[1]
-------------------------------------------------------------X

**NOT FOR PUBLICATION**


**MEMORANDUM & ORDER**
15-CV-2575 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

On May 4, 2015, Plaintiffs Chanice Trotman and Michael Adams, appearing *pro se*, filed this action against Defendants challenging the removal of their children. By Order dated May 21, 2015 ("May 21 Order"), the Court granted Plaintiffs' requests to proceed *in forma pauperis*, dismissed the complaint in part, and directed Plaintiffs to file an amended complaint and obtain counsel for the minor children within 30 days. (Dkt. 7.) On June 18, 2015, the Court granted Plaintiffs' request for an extension. On July 21, 2015, Plaintiffs filed an amended complaint. (Dkt. 10.)

*BACKGROUND*

Plaintiffs allege that on May 30, 2014, Defendants "Jean Louis [and] her supervisor Rosezetta Means had police kick down the doors with guns pointed at [them] and took our

---

[1] Plaintiffs include additional Defendants who do not match the caption of the amended complaint. (*See* Am. Compl. at p. 2.) Because Plaintiffs fail to allege any facts against the Mayor of the City of New York (*see generally* Am. Compl.), the amended complaint is dismissed against the Mayor.

children . . . ." (Am. Compl. at p. 10, ¶ 23.)[1]  Plaintiffs further allege that Defendant Nathalie Charles threatened Plaintiffs with the termination of their parental rights if "we don't sign the Service Plan." (*Id.* at ¶ 24.)  Plaintiffs allege that the removal of their children violated their civil and constitutional rights. (*Id.* at pp. 2-3.)  Plaintiffs seek $6 million in damages. (*Id.* at pp. 12-13.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] As directed by the Court in the May 21 Order, the Amended Complaint alleges facts that are personal to Plaintiff Adams and sufficiently describe harm that he sustained as a result of Defendants' actions or inaction. *See* May 21 Order at 5.

*DISCUSSION*

A.     <u>Claims on Behalf of Plaintiffs' Minor Children</u>

As set forth in the Court's May 21 Order, it is well-settled that a lay person cannot represent another individual – not even his or her own child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[A] lay person may not represent a corporation or a partnership or appear on behalf of his or her own minor child."). When it is apparent to the Court that a *pro se* plaintiff is suing on behalf of a minor, the Court has a duty to protect the child by enforcing, *sua sponte*, this prohibition against unauthorized representation. *Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). In this case, two minor children, ages three and nine, are included in the caption. (*See* Am. Compl. at p. 1.) As previously notified, since neither Plaintiff is a lawyer, they cannot bring this action on behalf of their minor children, but must obtain counsel in order to proceed with any claims on their children's behalf. (May 21 Order at 2-3.) To that end, the Court directed Plaintiffs to obtain a lawyer to represent the two minor children within 30 days. To date, Plaintiffs have failed to obtain a lawyer. Therefore, any claims on behalf of the children Z.J. and S.A. are dismissed without prejudice.

B.     <u>Defendant "Police Department"</u>

The Court previously dismissed the New York Police Department ("NYPD") since the NYPD lacks the legal capacity to be sued. *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Lopez v. Zouvelos*, No. 13 Civ. 6474, 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014). Plaintiffs have again named the "Police Department" in the amended complaint. For the reasons

set forth in the Court's May 21 Order, the amended complaint is dismissed as to the Police Department for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

C.    Defendant-Attorneys Etta Ibok and Sherry Navordick

In the May 21 Order, the Court dismissed Defendant Ibok from this action for lack of personal involvement and for lack of state action. (May 21 Order at 6.) The amended complaint again fails to state a claim against Defendant Ibok, and also fails to state a claim against Defendant Navordick for the same reasons. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and are therefore not subject to suit under 42 U.S.C. § 1983."); *Grant v. Hubert*, No. 09 Civ. 1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law."). Accordingly, the amended complaint is dismissed against Defendants Ibok and Navordick pursuant to 28 U.S.C. 1915(e)(2)(B).

D.    Defendants Jane and John Doe Clerks

In the May 21 Order, the Court also dismissed the unidentified state court clerks from this action because court clerks have absolute immunity from damages "for performance of task which are judicial in nature and an integral part of the judicial process." (May 21 Order at 6-7 (quoting *Rodriguez*, 116 F.3d at 66 (internal quotation marks omitted)).) "Even 'when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer . . . that officer's immunity is also available to the subordinate.'" *Rodriguez*, 116 F.3d at 67. Plaintiffs' claims against the unidentified clerks are again dismissed, as they are entitled to immunity. *See McGann v. Lange*, No. 96 Civ. 859, 1996 WL 586798, at *2

(E.D.N.Y. Oct. 10, 1996) (dismissing *pro se* complaint alleging that court clerks failed to submit his petition to the court based on quasi-judicial immunity); *Caldwell v. James*, No. 14 Civ. 5384, 2015 WL 427980, at *4 (E.D.N.Y. Jan. 30, 2015) (citations omitted) (dismissing *pro se* complaint alleging that clerk returned motions and "never forwarded to the Judge's Chambers for consideration"). There is nothing in the amended complaint that requires the Court to alter its prior decision dismissing these Defendants. The amended complaint, therefore, is dismissed as to Defendants Jane and John Doe Clerks pursuant to 28 U.S.C. § 1915(e)(2)(B).

*CONCLUSION*

Accordingly, this action, filed *in forma pauperis*, is dismissed as to the following: Plaintiffs Z.J. and S.A. and Defendants Etta Ibok, Sherry Navordick, Jane Doe Clerks, John Doe Clerk, the Mayor of the City of New York, and the (New York City) Police Department pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Clerk of Court shall terminate these parties from this action. No summons shall issue as to these Defendants.

The amended complaint shall proceed as to Defendants Bernadette Jean Louis, Rosezetta Means, Nathalie Charles, Unknown Police Officer(s) and P.O. Evans. The Clerk of Court shall issue a summons against Defendants Bernadette Jean Louis, Rosezetta Means, Nathalie Charles and P.O. Evans, and the United States Marshals Service is directed to serve the summons, the amended complaint and a copy of this Memorandum and Order upon these Defendants without prepayment of fees.[2] The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

---

[2] Plaintiffs must provide information in order to effect service of process on the Unknown Doe Police Officer(s) and P.O. Evans. For example, Plaintiffs must provide the police precinct, date and tour of duty and any physical description of the police officers who were involved in the removal of their children on May 30, 2014. At this time, there is insufficient information to effect service of process on either P.O. Evans or the Unknown Doe Police Officer(s).

The case is referred to the Honorable Roanne L. Mann, United States Magistrate Judge, for pretrial supervision, including the identification of, and service of process on, the Unknown Doe Police Officer(s) and P.O. Evans.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

  /s Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 6, 2015
       Brooklyn, New York