UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

CHANICE TROTMAN AND MICHAEL ADAMS,

Plaintiffs,

– against –

BERNADETTE JEAN LOUIS, NATHALIE
CHARLES, ROZETTA MEANS, POLICE
OFFICER MCCARTHNEY, and POLICE
OFFICER EVANS

---------------------------------------------------------------- X

**NOT FOR PUBLICATION**

**MEMORANDUM DECISION AND ORDER**

15 Civ. 2575 (AMD) (RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 29 2016 ★
BROOKLYN OFFICE

ANN M. DONNELLY, District Judge.

## INTRODUCTION

On May 4, 2015, the plaintiffs Chanice Trotman and Michael Adams, appearing *pro se*, filed this action alleging violations of their constitutional rights in connection with the removal of their shared child, S.T.A., and Trotman's child, Z.J. Defendant Nathalie Charles moves to dismiss the complaint; she claims that the plaintiffs fail to state a federal claim against her because the record establishes that they received due process in New York Family Court. For the reasons stated below, the motion is granted.

## BACKGROUND

The plaintiffs allege that on May 30, 2014, the defendants Bernadette Jean Louis and Rozezetta Means "had police kick down the doors with guns pointed at [them] and took our children . . . ." (Am. Compl. at 10, ¶ 23.) They accuse the defendant Nathalie Charles of threatening to terminate their parental rights if they did not sign a "service plan." (*Id.* ¶ 24.) The plaintiffs further allege that the removal of their children violated their constitutional rights. They seek $5 million in damages. (*Id.* at 11–12.)

1

On May 21, 2015, the Honorable Pamela K. Chen, to whom this case was previously assigned, dismissed claims against various parties named in the plaintiffs' first complaint: the New York City Police Department, individual defendants Edward Ceasar, Etta Ibok, and the Mayor of the City of New York, and unnamed court clerks. Because of the plaintiffs' *pro se* status, Judge Chen liberally construed their complaint against the social workers and the individual police officers as an allegation that they initiated an emergency removal of the plaintiffs' children without "any evidence of a threat of harm"(dkt. no. 7 at 9), thus denying the plaintiffs their due process and procedural rights. Judge Chen noted that parents "have a constitutionally protected liberty interest in the care, custody and management of their children," and thus have a right to a pre-deprivation hearing, or in the case of an emergency removal, a prompt post-deprivation hearing. (*Id.*) (citations omitted). Judge Chen concluded that it was not clear from the complaint whether the plaintiffs were given a hearing at the state level.

Judge Chen directed the plaintiffs to file an amended complaint only as to the social worker defendants -- Bernadette Jean Louis and Nathalie Charles -- as well as the police officers who were allegedly involved in removing the minor children on May 30, 2014; the plaintiffs were to provide dates and "descriptions of the relevant events," to attach state court and family court documents, and to indicate whether the state proceedings were still ongoing. (*Id.* at 10.)[1]

The plaintiffs filed an amended complaint on July 20, 2015. Attached to the complaint is a May 30, 2014 order from Kings County Family Court Judge Emily Oshansky, directing that one of the plaintiff Chanice Trotman's children be released to the child's father, and the other to the Administration for Children's Services. Also attached is a March 18, 2015 order from Kings County Family Court Judge Barbara Salintro, suspending all visitation between the plaintiff

---

[1] Judge Chen also directed the plaintiffs to obtain counsel for the children and to specify how plaintiff Michael Adams was personally harmed by the defendants' actions or failure to act.

2

Chanice Trotman and her children, as well as an April 21, 2015 order from Judge Salintro enjoining the plaintiff Chanice Trotman from filing any additional motions without advance permission. On October 6, 2015, Judge Chen ruled that the amended complaint could proceed against defendants Bernadette Jean Louis, Rosezetta Means,[2] Nathalie Charles, unknown police officer(s), and a police officer named Evans. (Dkt. No. 11.)[3]

## DISCUSSION

The defendant Nathalie Charles now moves to dismiss the claims against her. She argues that the plaintiffs' amended complaint establishes that the plaintiffs were in fact afforded due process and an opportunity to be heard on the removal of the children in state court. She also argues that neither she nor the organization for whom she works participated in the removal process, and instead became involved after the removal had already taken place.

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A *pro se* complaint is "liberally construed and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Judged by these standards, the complaint against Ms. Charles must be dismissed.

On a motion to dismiss, a court may consider, in addition to the allegations contained in the complaint, matters of which judicial notice may be taken under Federal Rule of Evidence 201.

---

[2] Ms. Means is a social worker not named as a defendant in the original complaint.
[3] Judge Chen dismissed the claims made on behalf of the children because the plaintiffs did not secure counsel for them. She also adhered to her previous decision dismissing the Police Department, the court clerks, and three lawyers.

3

*See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

In this case, the claims against Ms. Charles must be dismissed because the substance of the complaint and the documents attached to the complaint establish that the plaintiffs were afforded procedural due process in state court. Indeed, there are at least two family court orders attached to the complaint, including Judge Olshansky's order, issued on May 30, 2014 -- the date of the removal -- temporarily releasing one of the children to his father, William Johnson, and the other to the Administration for Children's Services. (Dkt. No. 9 at 19.) There is an additional order dated March 18, 2015, suspending the visitation rights of the plaintiff Chantice Trotman. (*Id.* at 21–23.) Finally, Judge Salintro's order enjoining Ms. Trotman from filing any additional motions, prompted by the plaintiff's serial filing of motions, demonstrates that the plaintiffs have been active participants in the state court proceeding. (*Id.* at 14–16.) The Court takes judicial notice of these orders and finds that they establish that the plaintiffs have been afforded the opportunity to be heard. Moreover, in their response to Ms. Charles' motion, the plaintiffs themselves agree that there have been proceedings in Family Court on this very subject; their quarrel seems to be with the outcome of the proceedings, not whether there actually were proceedings.[4]

---

[4] Ms. Charles' employment status provides a separate reason for dismissal of the claims against her. Ms. Charles points out that she and her employer, Graham Windham, were not involved in the removal itself, but rather became involved after the removal, facts that the plaintiffs do not appear to dispute.

4

In short, the plaintiffs' amended complaint fails to state a federal cause of action against Nathalie Charles. For that reason, the action is dismissed as to Ms. Charles.

SO ORDERED.

Dated: Brooklyn, New York
February 29, 2016

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge