

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

CHANICE TROTMAN AND MICHAEL ADAMS,

                Plaintiffs,

      – against –

BERNADETTE JEAN LOUIS, ROSEZETTA MEANS, POLICE OFFICER MCCARTHNEY, and POLICE OFFICER EVANS

------------------------------------------------------------ X

**NOT FOR PUBLICATION**

**MEMORANDUM DECISION AND ORDER**

15 Civ. 2575 (AMD) (RLM)

**ANN M. DONNELLY**, District Judge.

## INTRODUCTION

On May 4, 2015, the plaintiffs Chanice Trotman and Michael Adams, appearing *pro se*, filed this action alleging violations of their constitutional rights in connection with the removal of their shared child, S.T.A., and Trotman's child, Z.J. Defendants Bernadette Jean-Louis and Rosezetta Means move to dismiss the complaint. They claim that the plaintiffs fail to state a federal claim against them because the record establishes that the plaintiffs received due process in New York Family Court. For the reasons stated below, the motion is granted.

## BACKGROUND

The plaintiffs allege that on May 30, 2014, the defendants Bernadette Jean-Louis and Rosezetta Means, caseworkers at the New York City Administration for Children's Services ("ACS"), "had police kick down the doors with guns pointed at [them] and took our children . . .

1

." (Am. Compl. at 10, ¶ 23.) The plaintiffs allege that the removal of their children violated their constitutional rights. They seek $5 million in damages. (*Id.* at 11–12.)

On May 21, 2015, the Honorable Pamela K. Chen, to whom this case was previously assigned, dismissed claims against several parties named in the plaintiffs' first complaint.[1] Because of the plaintiffs' *pro se* status, Judge Chen liberally construed their complaint as an allegation that the defendant social workers and the individual police officers initiated an emergency removal of the plaintiffs' children without "any evidence of a threat of harm" (Dkt. No. 7, at 9), thus denying the plaintiffs their due process rights. Judge Chen noted that parents "have a constitutionally protected liberty interest in the care, custody and management of their children," and thus have a right to a pre-deprivation hearing, or in the case of an emergency removal, a prompt post-deprivation hearing. (*Id.*) (citations omitted). Judge Chen directed the plaintiffs to file an amended complaint as to the social worker and police officer defendants. The plaintiffs were to provide dates and "descriptions of the relevant events," to attach state court and family court documents, and to indicate whether the state proceedings were still ongoing. (*Id.* at 10.)

The plaintiffs filed an amended complaint on July 20, 2015.[2] Attached to the complaint is a May 30, 2014 order from Kings County Family Court Judge Emily Oshansky, directing that the plaintiff Chanice Trotman's children be removed from her home and placed elsewhere: one with the child's father, and the other with the Administration for Children's Services. (Dkt. No. 9 at 19; Dkt. No. 10 at 19.) Also attached is a March 18, 2015 order from Kings County Family Court

---

[1] The complete factual and procedural history of the case is set forth in the Court's Orders of March 11, 2016 (Dkt. No. 31), February 29, 2016 (Dkt. No. 26), October 6, 2015 (Dkt. No. 11), May 21, 2015 (Dkt. No. 7).
[2] The plaintiffs filed a revised pleading on July 21, 2015 (Dkt. No. 10). This order takes both pleadings into account.

Judge Barbara Salintro, suspending all visitation between the plaintiff Chanice Trotman and her children. (Dkt. No. 9 at 21-23.) Finally, there is an April 21, 2015 order from Judge Salintro enjoining the plaintiff Chanice Trotman from filing any additional motions without advance permission. (Dkt. No. 9, at 14-16.) On October 6, 2015, Judge Chen ruled that the amended complaint could proceed against defendants Bernadette Jean-Louis, Rosezetta Means,[3] Nathalie Charles, unknown police officer(s), and a police officer named Evans. (Dkt. No. 11.) Subsequently, defendant Nathalie Charles moved to dismiss the claims against her.

On February 29, 2016, this Court dismissed the claims against Nathalie Charles, finding "the substance of the complaint and the documents attached to the complaint establish that the plaintiffs were afforded procedural due process in state court." (Dkt. No. 26, at 4.) Furthermore, the plaintiffs did not dispute that the Family Court proceedings took place; they disputed the outcome of those proceedings. Accordingly, the Court found that the plaintiffs were afforded the opportunity to be heard in state court and thus failed to state a federal cause of action against Ms. Charles.

On March 11, 2016, the plaintiffs filed a motion seeking preliminary injunctive relief. (Dkt. No. 30.) In that motion, they attached additional state court documents, including an August 6, 2015 order by Kings County Family Court Judge Amanda White, denying Ms. Trotman's application for the return of her children. (*Id.* at 11-12.) Kings County Family Court Judge Alicea Elloras suspended Ms. Trotman's visitation rights again on February 26, 2016. (*Id.* at 9.)

---

[3] Ms. Means is a social worker not named as a defendant in the original complaint.

# DISCUSSION

I. Standard of Review

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A *pro se* complaint is "liberally construed and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted).

On a motion to dismiss, a court may consider, in addition to the allegations contained in the complaint, matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

"Where parents are alleging that the state has unlawfully separated them from their children", a court must determine whether their procedural or substantive due process rights have been denied. *Nicholson v. Williams*, 203 F.Supp.2d 153, 236 (E.D.N.Y. 2002).

II. Procedural Due Process

"The State of New York has enacted laws aimed at protecting children from abuse and neglect." *Nicholson v. Williams*, 203 F.Supp.2d 153, 166 (E.D.N.Y. 2002) (citing N.Y. Fam. Ct. Act §§ 1011–1121 (Consol. 2001); N.Y. Penal Law § 260.10(2) (Consol. 2001)). In New York City, ACS is responsible for monitoring and protecting children, pursuant to these laws. *Id.* ACS

investigates complaints and "has discretion to commence child protective proceedings against the parents in Family Court during the investigation, or after the investigation..." *Id.*

For the reasons discussed in this Court's order dismissing the claims against Nathalie Charles, the plaintiffs have failed to state a procedural due process claim against Ms. Jean-Louis and Ms. Means. (Dkt. No. 26.) The plaintiffs have been afforded the opportunity to be heard in Family Court, and Ms. Trotman has been an active participant in those proceedings. *Id.*; *see also Matter of Forrest S.-R (Shirley X.S.)*, 101 A.D.3d 734, 735 (2d Dep't 2012) ("Due process is afforded to a parent by the procedure set forth in Family Court Act § 1028").

### III. Substantive Due Process

The plaintiffs have also failed to state a violation of their substantive due process rights. The Second Circuit has held that "the removal of children from their parent for the purpose of keeping the children safe does not violate the parent's substantive due process rights if a post-removal judicial proceeding is promptly held to confirm that there exists a reasonable basis for the removal." *Southerland v. City of New York*, 652 F.3d 209, 230 (2d Cir 2011). Here, the basis for removal was affirmed by Judge Olshanky's May 30, 2014 order authorizing removal of Ms. Trotman's children (Dkt. No. 9 at 19.)

The plaintiffs appear to contest the adequacy of the removal proceedings, arguing that ACS was required to provide medical evidence in support of its position. However, that allegation is not supported by the text of the relevant state law, which provides that a court "shall remove or continue the removal of the child" if it finds that "removal is necessary to avoid imminent risk to the child's life or health." Family Court Act § 1027(b)(i).

Accordingly, the plaintiffs' amended complaint fails to state a federal cause of action against Bernadette Jean-Louis or Rosezetta Means. For that reason, the action is dismissed as to Ms. Jean-Louis and Ms. Means.

SO ORDERED.

Dated: Brooklyn, New York
November 22, 2016

s/Ann M. Donnelly

---

ANN M. DONNELLY
United States District Judge